IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02300-GPG

CHRIS TILLOTSON,

    Applicant,

v.

T. J. McCOY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Chris Tillotson, is confined in the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Tillotson has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3). The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action will be denied as moot because Mr. Tillotson has paid the $5.00 filing fee for this habeas corpus action.

    The Court must construe the habeas corpus application liberally because Mr. Tillotson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

    Mr. Tillotson alleges in the application that he is challenging the validity of his

custody pursuant to an order of the Arapahoe County District Court in case number 07CR2358 finding him not guilty by reason of insanity. He further alleges that he was charged in case number 07CR2358 with assault on a police officer. Mr. Tillotson asserts two claims for relief contending he was subjected to excessive force by Officer T. J. McCoy (claim one) and that he is actually innocent of assaulting Officer McCoy (claim two). As relief Mr. Tillotson seeks dismissal of the charges and damages for being wrongfully imprisoned.

The Court notes initially that Mr. Tillotson may not pursue any claims for damages in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If Mr. Tillotson wishes to pursue any claims for damages, he must do so in a separate civil rights action.

With respect to the actual innocence claim, Mr. Tillotson fails to allege specific facts that demonstrate his federal constitutional rights have been violated and he fails to name his custodian as a Respondent. However, the Court will not require Mr. Tillotson to file an amended pleading that clarifies his claim or claims and that names a proper Respondent because the Court lacks jurisdiction to consider whatever federal constitutional claim or claims Mr. Tillotson may be asserting.

Mr. Tillotson previously filed a habeas corpus action challenging the validity of his custody resulting from Arapahoe County District Court case number 07CR2358. *See Tillotson v. May*, No. 14-cv-00751-LTB (D. Colo. July 7), *appeal dismissed*, No. 14-1282,

576 F. App'x 857 (10th Cir. Aug. 25, 2014).   Although Mr. Tillotson fails to mention the fact that he has filed a prior habeas corpus action challenging the validity of his custody pertinent to Arapahoe County District Court case number 07CR2358, the Court may take judicial notice of its own records and files that are part of the Court's public records.   *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).   The Court determined Mr. Tillotson's claims in case number 14-cv-00751-LTB were barred by the one-year limitation period and dismissed the action as untimely. Therefore, because Mr. Tillotson is challenging the validity of the same custody in this action, the application is a second or successive application.   *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (holding that "[t]he dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Tillotson must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive claims.   *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).   In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.   *See id.* at 1251.   An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Tillotson does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the second or successive claims for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Tillotson fails to demonstrate that his second or successive claims are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion.

Although it appears that Mr. Tillotson's second or successive claims would be time-barred if filed anew in the proper forum, it also appears that the claims would be time-barred even if Mr. Tillotson had sought proper authorization prior to filing in this Court.   There also is no indication that the second or successive claims have any merit.   Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Tillotson's second or successive claims.   As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice.   Instead, the second or successive claims will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) is denied as moot.   It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for the reasons stated in this order.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied

without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   20th   day of   October  , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court